IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH GILL,** | : | CIVIL ACTION NO. 1:24-CV-922 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Joseph Gill, who is presently incarcerated in the Allenwood Federal Correctional Institution ("FCI-Allenwood"), challenges his 2017 conviction in the United States District Court for the Northern District of New York for receipt of child pornography. We will dismiss the petition for lack of jurisdiction.

**I.      Factual Background & Procedural History**

Gill pleaded guilty to receipt of child pornography in 2017 and was sentenced to 121 months of imprisonment. United States v. Gill, No. 5:16-CR-382, Doc. 27 (N.D.N.Y. Aug. 17, 2017). He appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit, which affirmed the judgment of sentence on October 12, 2018. United States v. Gill, 739 F. App'x 75 (2d Cir. 2018).

Gill moved to vacate his sentence in the sentencing court pursuant to 28 U.S.C. § 2255 on July 16, 2019, arguing that he received ineffective assistance of counsel and that his guilty plea was not voluntary because he was experiencing extreme lightheadedness from his diabetes during the plea hearing. Gill, No. 5:16-

CR-382, Doc. 40. The court denied the motion on June 4, 2020. Id., Doc. 51. Gill did not appeal.

Gill filed the instant petition on June 4, 2024. (Doc. 1). He asserts four grounds for habeas corpus relief: (1) that the sentencing court improperly calculated his guidelines sentence because 148 of the images at issue in the case were copies of other images and should not have been treated as distinct images; (2) that his due process rights were violated because he and his counsel were not given sufficient opportunity to review a video recording of police interrogating Gill; (3) that his guilty plea was invalid because he was lightheaded during the plea hearing; and (4) that the court ignored "the facts in the case" during the sentencing hearing. (Doc. 1).

## II.  Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III.  Discussion

We will dismiss this case for lack of jurisdiction pursuant to our review of the petition under Rule 4. Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(e); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may

only challenge his conviction through a Section 2241 habeas corpus petition if a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Jones v. Hendrix, 599 U.S. 465, 471 (2023).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

The court will dismiss this case for lack of subject matter jurisdiction because Gill has not shown that the remedy offered by Section 2255 is inadequate or ineffective to protect his rights such that he can proceed under Section 2241. His claims, which challenge the trial court's calculation of the guidelines sentence, the voluntariness of his guilty plea, and the evidence that was considered during plea and sentencing proceedings, plainly could have been raised in his Section 2255 motion. The fact that the trial court denied the Section 2255 motion and that Gill may not be able to satisfy the stringent gatekeeping requirements necessary to file a second or successive Section 2255 motion does not render Section 2255 relief inadequate or ineffective. See id. at 538-39.

3

**IV.     Conclusion**

    We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction.  An appropriate order shall issue.

                              /S/ CHRISTOPHER C. CONNER
                              Christopher C. Conner
                              United States District Judge
                              Middle District of Pennsylvania

Dated:     June 17, 2024